UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cleone Cecelia Friday, | Case No. 23-cv-2227 (NEB/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Michael Segal, Warden, | |
| Respondent. | |

These matters come before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] upon Petitioner Cleone Cecelia Friday's Petition for Writ of Habeas Corpus ("Petition"). [Docket No. 1].

Petitioner has filed a petition for a writ of habeas corpus contending that she should be transferred to home confinement. After review, this Court concludes that the petition fails to present a cognizable claim for habeas corpus relief and recommends that the petition be denied.

Under 18 U.S.C. § 3624(c), the Federal Bureau of Prisons ("BOP") is authorized to transfer to home confinement prisoners serving near the conclusions of their sentences. Section 3624(c)(2) limits the duration that can be spent in home confinement to "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," but § 3624(g)(10) provides that prisoners who have (among other things) participated in recidivism programming and thereby earned time credit towards placement on supervised release are not subject to the time limitations established by § 3624(c)(2).

---

[1] Although the Petitions are not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to the Petition. See Rule 1(b).

Petitioner has far more than six months remaining on her sentence, and the BOP has declined to transfer her to home confinement or other prerelease custody. Petitioner now challenges that decision.

The habeas petition fails for two reasons. First, it is beyond well-established that a prisoner cannot challenge the locus of their detention through a petition for a writ of habeas corpus. In the Eighth Circuit, a habeas petitioner can only challenge the fact or duration of confinement. See, e.g., Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Challenges to the conditions of confinement cannot be addressed in habeas proceedings. Mendez v. United States, No. 12-cv-0028 (ADM/FLN), 2012 WL 1110138, at *2–3 (D. Minn. Jan. 24, 2012), report and recommendation adopted, 2012 WL 1110125 (D. Minn. Apr. 3, 2012). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger, 77 F.3d at 1073.

Claims related to a prisoner's placement in home confinement are claims concerning the place of the prisoner's custody, not claims concerning whether the prisoner should be in custody. See United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021); Williams v. Birkholz, No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."). As such, claims concerning whether a prisoner should be transferred to home confinement are not cognizable habeas claims. "Home confinement is not the end of confinement, but a transfer to another place of confinement. It is a change in the conditions of confinement. An inmate on home confinement is still serving a sentence and is in confinement while doing so." Johnson v. Birkholz, No. 21-cv-2017 (PJS/LIB), 2022 WL 3135304, at *2 (D. Minn. Aug. 5,

2022). A habeas petitioner simply cannot bring a cognizable claim that they are entitled to a transfer in custody.

Second, even if the Court were to ignore all this (and it cannot), Petitioner has an additional problem: It does not appear that she has actually earned any time credits to which she can apply towards acceleration of her transfer to home custody. (See Exhibit [Docket No. 1-1] at 4) (stating that Petitioner has earned "85 Federal Time Credits towards release and zero Federal Time Credits towards RRC/HC."). Section 3624(g)(10) invalidates the time limitations established by § 3624(c) only with respect to prisoners who have "earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Petitioner does not contend that she meets that requirement, and she therefore could not claim entitlement to earlier transfer to home confinement even if such a claim were cognizable on habeas corpus.

In any event, the claim is not cognizable. It is on that basis that it is recommended that the habeas petition be denied and this matter dismissed.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of petitioner Cleone Cecelia Friday, [Docket No. 1], be **DENIED**; and
2. This matter be **DISMISSED**.

Dated: August 22, 2023            s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).